IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>DONOVAN HENRY KEARNEY,<br><br>Defendant. | Case No. 4:23-cr-29 |

**MEMORANDUM OPINION AND ORDER**

Before the Court is a Motion to Dismiss the Indictment against the defendant, Donovan Henry Kearney. ECF No. 14. The motion avers that the statute upon which the indictment is based, 18 U.S.C. § 922(g)(1), which prohibits felons from possessing firearms, is unconstitutional under the Second Amendment and the Supreme Court's decision in *New York State Rifle & Pistol Ass'n v. Bruen*, 142 S. Ct. 2111 (2022). The Court has fully considered the arguments set forth in the parties' briefs and has determined it is not necessary to hold a hearing on the motion. *See* E.D. Va. Loc. Crim. R. 47(J). For the reasons stated herein, the defendant's motion (ECF No. 14) is **DENIED**.

**I.  BACKGROUND**

The defendant was indicted on April 11, 2023, and charged with one count of Felon in Possession of a Firearm pursuant to 18 U.S.C. § 922(g)(1). ECF No. 1 at 1. An arrest warrant was issued on April 12, 2023, and executed on April 17, 2023. ECF No. 10. The defendant entered a plea of not guilty at his arraignment on April 24, 2023. ECF No. 11. He had previously been convicted of two felonies (Armed Bank

Robbery and Aiding and Abetting, and Using, Carrying, and Brandishing a Firearm During a Crime of Violence). ECF No. 5 at 4–5. In 2017, the defendant was sentenced in North Carolina federal court to 30 months incarceration for each felony, to be served consecutively. *Id.*

## II.    LEGAL STANDARD

An indictment may be dismissed if the statute on which the indictment is premised is unconstitutional. *United States v. Riley*, No. 1:22-cr-163, 2022 WL 7610264, at *3 (E.D. Va. Oct. 13, 2022); *United States v. Brown*, 715 F. Supp. 2d 688, 689 (E.D. Va. 2010); *cf.*, Fed. R. Crim. P. 12(b)(3)(B) (a defendant may, before trial, file a motion alleging a "defect in the indictment").

## III.    ANALYSIS

The defendant argues that the statute upon which his indictment is premised, 18 U.S.C. § 922(g)(1), is unconstitutional because it violates the Second Amendment as interpreted by the Supreme Court in *Bruen*. Section 922(g)(1) provides, in relevant part, that:

> It shall be unlawful for any person . . . who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year . . . [to] possess in or affecting commerce, any firearm or ammunition.

18 U.S.C. § 922(g)(1).

The defendant argues that the Supreme Court's decision in *Bruen* "marked a dramatic shift in Second Amendment law." ECF No. 14 at 2. He argues that his "possession of a firearm comes within the Second Amendment's plain text," meaning that "his conduct is presumptively protected" unless the government can show that

2

922(g)(1) is "consistent with American tradition." *Id.* at 2–3 (internal quotation marks omitted).

Notably, the defendant acknowledges that "this Court denied a similar motion in *United States v. Finney*, No. 2:23cr13, 2023 WL 2696203 (E.D. Va. Mar. 29, 2023)," and that two other courts in this district "have considered and denied similar arguments." ECF No. 14 at 1 n.1. Dozens of courts around this nation have considered the constitutionality of section 922(g)(1) in the wake of *Bruen*, and none have found the statute facially unconstitutional.[1] But the defendant urges this Court to arrive at a different conclusion. *Id.*

---

[1] For example, in the Fourth Circuit alone, at least twenty district courts have found section 922(g)(1) constitutional since *Bruen* was decided: *United States v. Wilkerson*, No. 2:22-cr-152, 2023 WL 3220186 (E.D. Va. May 2, 2023); *United States v. Finney*, No. 2:23-cr-13, 2023 WL 2696203 (E.D. Va. Mar. 29, 2023); *United States v. Robinson-Davis*, No. 7:22-cr-45, 2023 WL 2495805 (W.D. Va. Mar. 14, 2023); *United States v. Glen Jackson*, No. 1:22-cr-141, 2023 WL 2499856 (D. Md. Mar. 13, 2023); *United States v. Tucker*, No. 2:22-cr-17, 2023 WL 205300 (S.D.W. Va. Jan. 17, 2023); *United States v. Coleman*, No. 3:22-cr-8, 2023 WL 122401 (N.D.W. Va. Jan. 6, 2023); *United States v. Medrano*, No. 3:21-cr-39, 2023 WL 122650 (N.D.W. Va. Jan. 6, 2023); *United States v. Dawson*, No. 3:21-cr-293, 2022 WL 17839807 (W.D.N.C. Dec. 21, 2022); *United States v. Marique*, No. 8:21-po-2263, 2022 WL 17822443 (D. Md. Dec. 20, 2022); *United States v. Tallion*, No. 8:22-po-1758, 2022 WL 17619254 (D. Md. Dec. 13, 2022); *United States v. Spencer,* No. 2:22-cr-106, 2022 WL 17585782 (E.D. Va. Dec. 12, 2022); *United States v. Wagoner*, No. 4:20-cr-18, 2022 WL 17418000 (W.D. Va. Dec. 5, 2022); *United States v. Burton*, No. 3:22-cr-362, 2022 WL 16541139 (D.S.C. Oct. 28, 2022); *United States v. Grant*, No. 3:22-cr-161, 2022 WL 16541138 (D.S.C. Oct. 28, 2022); *United States v. Snead*, No. 1:22-cr-33, 2022 WL 16534278 (W.D. Va. Oct. 28, 2022); *United States v. Anderson*, No. 2:21-cr-13, 2022 WL 10208253 (W.D. Va. Oct. 17, 2022); *Riley*, 2022 WL 7610264; *United States v. Price*, No. 2:22-cr-97, 2022 WL 6968457 (S.D.W. Va. Oct. 12, 2022); *United States v. Daniels*, No. 1:03-cr-83, 2022 WL 5027574 (W.D.N.C. Oct. 4, 2022); *United States v. Doty*, No. 5:21-cr-21, 2022 WL 17492260 (N.D.W. Va. Sept. 9, 2022); *United States v. Nutter*, No. 2:21-cr-142, 2022 WL 3718518 (S.D.W. Va. Aug. 29, 2022); *United States v. Ingram*, No. 0:18-cr-557, 2022 WL 3691350 (D.S.C. Aug. 25, 2022). The Seventh Circuit considered the

As the defendant recognizes, this Court has already carefully considered and denied each of the arguments set forth in the motion, as have other judges in this district. *See Finney,* 2023 WL 2696203, at *1; *United States v. Wilkerson,* No. 22-cr-152, 2023 WL 3220186, at *3 (E.D. Va. May 2, 2023); *United States v. Riley*, No. 22-cr-163, 2022 WL 7610264, at *13 (E.D. Va. Oct. 13, 2022). Today, this Court declines to change course and instead adopts in full the reasoning previously set forth in its Memorandum Opinion and Order in *United States v. Finney*.

## IV. CONCLUSION

For the foregoing reasons, the defendant's Motion to Dismiss the Indictment (ECF No. 14) is **DENIED**.

---

constitutionality of section 922(g)(1) under *Bruen* (albeit in the context of a motion to withdraw filed by appointed counsel) and found that "it would be frivolous to argue that section 922(g)(1) is unconstitutional [as applied to a person convicted of a violent felony.]" *United States v. Gonzalez*, No. 22-1242, 2022 WL 4376074 (7th Cir. Sept. 22, 2022). The Third Circuit sitting *en banc* granted an as-applied challenge to section 922(g)(1) with respect to a person convicted of a non-violent felony. *See Range v. Att'y Gen. United States*, No.21-2835, 2023 WL 3833404 (3d Cir. June 6, 2023). The Third Circuit's holding, which does not bind this Court, is narrow and limited only to individuals whose underlying conviction is for a non-violent felony. *Id.* at *8. Even assuming that the Third Circuit is correct, its reasoning is not applicable in this case because the defendant's underlying conviction is for armed robbery, a violent felony. ECF No. 5 at 4–5.

The Clerk is **DIRECTED** to forward a copy of this Order to all counsel of record.

**IT IS SO ORDERED.**

/s/ *JKW*

Jamar K. Walker
United States District Judge

Newport News, Virginia
June 8, 2023